**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Ramiro RODRIGUEZ, Defendant–
Appellee.**

No. 91–50243.

United States Court of Appeals,
Ninth Circuit.

July 14, 1993.

Before: HUG, PREGERSON and
POOLE, Circuit Judges.

The opinion filed October 5, 1992, slip opinion 11929, and appearing at 976 F.2d 592 (9th Cir.1992), is amended as follows:

1. At slip op. at 11936, in the first sentence of the fourth full paragraph, at 976 F.2d at 595, in the first sentence of the last full paragraph, at slip op. at 11937, in the first sentence of the second full paragraph, and at 976 F.2d at 596, in the first sentence of the second full paragraph, change "16 year-old Ford" to "14 year-old Ford."

2. At slip op. at 11937, in the last sentence of the first full paragraph, and at 976 F.2d at 596, in the last sentence of the first full paragraph, change the pin cite to *Sokolow* from "490 U.S. at 1 [109 S.Ct. at 1581, 104 L.Ed.2d at 1 (1989)]" to "490 U.S. at 10 [109 S.Ct. at 1587]."

3. At the end of the first full paragraph appearing at slip op. at 11937 and at 976 F.2d at 596, insert the following footnote:

[1] Our holding is not inconsistent with the Supreme Court's statement in *Sokolow* that "the fact that these factors [cited by the agent as reasonable suspicion] may be set forth in a 'profile' does not somehow detract from their evidentiary significance as seen by a trained agent." 490 U.S. at 10, 109 S.Ct. at 1587. We hold only that the presence of a set of factors held to be sufficient in the specific factual context of one case may be inadequate in another case to show reasonable, individualized suspicion. This holding is supported by Ninth Circuit cases in which virtually identical factors cited by agents sometimes establish rea-

sonable suspicion and sometimes do not, depending upon the unique facts of each case. *Compare United States v. Salinas*, 940 F.2d 392, 394 (9th Cir.1991) *with United States v. Bugarin–Casas*, 484 F.2d 853, 855 (9th Cir.1973), *cert. denied*, 414 U.S. 1136, 94 S.Ct. 881, 38 L.Ed.2d 762 (1974). *See also, Sokolow*, 490 U.S. at 8, 109 S.Ct. at 1585 (in evaluating whether factors support reasonable suspicion, the reviewing court must consider "the totality of the circumstances—the whole picture") (quotation omitted).

With these amendments, the panel has voted unanimously to deny the petition for rehearing.

The full court has been advised of the suggestion for rehearing en banc. An active judge requested a vote on whether to rehear the matter en banc. The matter failed to receive a majority of the votes of the nonrecused active judges in favor of en banc consideration. Fed.R.App.P. 35.

The petition for rehearing is denied, and the suggestion for rehearing en banc is rejected.