56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Rogelio QUEZADA-RIVERA, Defendant-Appellant.
 No. 94-10379.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1995.
Decided May 23, 1995.
 
 Before: CUMMINGS,* SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jesus Rogelio Quezada-Rivera appeals the district court's denial of his suppression motion following his conditional guilty plea conviction for possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1). He contends the stop of the vehicle he was driving in a remote area of Southern Arizona was not supported by reasonable suspicion. We affirm.
 
 
 3
 At the hearing on the motion to suppress, U.S. Border Patrol Agent Betts testified as follows: At approximately 2:00 a.m., Border Patrol Agents received a radio dispatch that a sensor approximately 2 - 2 1/2 miles north of the border near Nogales, Arizona had been activated by unidentified animal or foot traffic. The sensor registered six "hits," but none of the other numerous sensors in the area were activated. The sensor was not located on a road but was in a remote area where cross-border traffic was known to occur. Additionally, the sensor was located about 4 miles from a gravel pit, and Border Patrol Agents had been notified the previous week that the gravel pit area was again being used for smuggling activities.
 
 
 4
 The agents drove to a roadway observation point overlooking the intersection of I-19 and the road leading from the gravel pit. The agents maintained surveillance from this point from about 3:00 a.m. until approximately 6:40 a.m., when they observed a Chevy Suburban coming from the area of the gravel pit. Until this time, they had observed no other vehicles, nor had they received additional reports of sensor activity in the area. Agent Betts testified that there were other roads joining the backcountry area with the main road being observed by the agents, and that the sensor point itself was not accessible by road.
 
 
 5
 The agents passed the vehicle on the road, and then proceeded to follow it. The vehicle had tinted windows and was driven by a male who appeared to be the only occupant. Because of the tinted windows, the agents could not get a good look at the driver. The vehicle appeared to be heavily laden, swayed within its lane, and made slight increases and decreases in speed. Based on these observations, Agent Betts concluded that the driver was nervous. The agents ran a check on the license number, which indicated that the vehicle was registered in Arizona to a Mexican owner. Agent Betts testified that this was not unusual for the area.
 
 
 6
 The agents activated their lights and the vehicle pulled to the side of the road. Quezada-Rivera was the driver and sole occupant of the vehicle, which contained approximately 700 pounds of marijuana.
 
 
 7
 Quezada-Rivera moved to suppress evidence of this marijuana, claiming that the agents did not have reasonable suspicion to stop the vehicle. The district court denied the motion. Whether the agents had reasonable suspicion to justify an investigatory stop is a mixed question of fact and law which we review de novo. United States v. Alvarez, 989 F.2d 833, 836 (9th Cir. 1990), cert. denied, 498 U.S. 1024 (1991).
 
 
 8
 Appellant correctly points out that a number of factors Agent Betts cited to support his stop of the vehicle are factors which this court has found to be insufficient to support a finding of reasonable suspicion. For example, in United States v. Rodriguez, 976 F.2d 592, 594 (9th Cir. 1992), opinion amended on denial of rehearing by 997 F.2d 1306 (9th Cir. 1993), we held that the combined factors of the defendant's Hispanic appearance, travelling on a "notorious" alien smuggling route, failing to acknowledge the agents' marked car, driving a type of vehicle that could be used for alien smuggling, swerving slightly within the lane when being followed by the agents' vehicle, and driving a car that appeared heavily loaded, were not sufficient to support a finding of reasonable suspicion. Id. at 594-96. See also United States v. Salinas, 940 F.2d 392 (9th Cir. 1991) (factors including car's large luggage area and heavily laden appearance, fresh handprints in dust on trunk, defendant's Mexican appearance, and car's registration to an address in an area with a high concentration of smuggling activity insufficient); United States v. Hernandez-Alvarado, 891 F.2d 1414 (9th Cir. 1989) (factors including nervous demeanor of car's occupants, reduction in speed from 65 to 55 m.p.h., size of car's trunk, presence of a two-way antenna on trunk, license plate bracketing indicating car was purchased from a dealership associated with drug trafficking, and car's registration to an address in a border area under investigation for narcotics activity insufficient); and United States v. Robert L., 874 F.2d 701 (9th Cir. 1989) (factors including de minimis driving irregularities insufficient).
 
 
 9
 Unlike the cases appellant cites, however, this is not a typical freeway case in which the Border Patrol intercepted a car on an interstate merely because it fit a broad, prefabricated profile that described hundreds of thousands of law-abiding daily users of the highways. See, e.g., Rodriguez, 976 F.2d at 596. Instead, it is a case in which six early-morning sensor hits in a remote area only two miles from the border alerted the Border Patrol to possible drug smuggling activity, and the agents intercepted the only vehicle they observed in the vicinity. The Border Patrol staked out a main road near a gravel pit that had, according to Border intelligence, recently been the scene of a surge in narcotics activity. Agent Betts testified that he could surmise no legitimate reason why the vehicle would be there.
 
 
 10
 That the Border Patrol agents observed no other vehicle in the area between the time of the sensor hits and the time the Suburban was spotted also supports their suspicion that criminal activity was afoot. Additionally, in light of Officer Betts' testimony that he was aware that the sensor area was inaccessible by vehicle and that narcotics traffic in the area often occurred by cross-border pedestrian traffic, the agents were reasonable in surmising that pedestrian smugglers were being met by a vehicle. Consequently, the fact that the sensor traffic did not indicate vehicular traffic does not mean that the Border Agents unreasonably drew a connection between the only vehicle to pass through the area and the sensor hits.[1]
 
 
 11
 The record in this case thus references a number of factors not present in the cases upon which appellant relies. The additional factors included sensor "hits" in a remote area near the border, surveillance of a known situs of narcotics trafficking indicating no other vehicular traffic in or out of the area for over four hours, and information regarding recent smuggling activities in the gravel pit area. We therefore conclude that reasonable suspicion existed to stop the vehicle driven by Quezada-Rivera.
 
 
 12
 The district court's judgment denying the motion to suppress is AFFIRMED.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellant's contention that the sensor activity must be disregarded in determining whether the officers had reasonable suspicion to stop a vehicle is thus without merit