UNITED STATES of America,
Plaintiff—Appellant,

v.

Jeron Mark HANSON, aka Jessy Mathew Hanson; Interdeep Makhan Singh Khaira; Hoang Cong Vo, Defendants—Appellees.

No. 04–30379.

D.C. No. CR–04–00033–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.*

Decided June 17, 2005.

Joshua Van De Wetering, Asst. U.S. Atty., USMI—Office of the U.S. Attorney, Missoula, MT, for Plaintiff-Appellant.

Jeffrey Steinborn, Steinborn & Holcom PLLC, Seattle, WA, Craig Shannon, Bryan C. Tipp, Robin Ammons, Tipp & Buley, Missoula, MT, Wendy Holton, Helena, MT, for Defendants–Appellees.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM**

Defendants Jessy Mathew Hanson, Interdeep Makhan Singh Khaira, and Hoang Cong Vo were stopped on a remote highway in the early morning hours of May 17, 2004, by U.S. Border Patrol Agent Brian Phillips. After stopping defendants, Phillips conducted a warrantless search of their vehicles. The following day, agents conducted another warrantless search of defendant Hanson's hotel room. Defendants filed a joint motion to suppress the evidence uncovered in the vehicle search, arguing that the warrantless search of their vehicles was not justified by reasonable suspicion. Defendant Hanson also filed a separate motion to suppress evidence gathered in the warrantless search of his hotel room. The district court granted both motions to suppress. The

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

government appeals. We have jurisdiction pursuant to 18 U.S.C. § 3731, and we affirm.

"The Fourth Amendment prohibits 'unreasonable searches and seizures' by the Government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). An officer may not detain a motorist without a showing of "reasonable suspicion." *United States v. Rodriguez*, 976 F.2d 592, 594 (9th Cir.1992), *amended by* 997 F.2d 1306 (9th Cir.1993). The "objective basis, or 'reasonable suspicion[,]' must consist of 'specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.' " *Id.* (citations omitted).

In determining whether a stop is supported by reasonable suspicion, we "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal wrongdoing." *Arvizu*, 534 U.S. at 273, 122 S.Ct. 744. Factors to consider include the "(1) characteristics of the area in which a vehicle is encountered; (2) proximity to the border; (3) usual traffic patterns on the particular road; [(4)] previous experience with alien traffic; [(5)] recent illegal border crossings in the area; [(6)] erratic or evasive driving behavior; [ (7)] aspects of the vehicle; and [(8)] the behavior or appearance of the driver." *United States v. Diaz–Juarez*, 299 F.3d 1138, 1141 (9th Cir.2002) (citing *United States v. Brignoni–Ponce*, 422 U.S. 873, 884–85, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975)).

At the time he stopped defendants, Phillips knew that (1) defendants were traveling on a road near the U.S.-Canadian border in the early morning hours; (2) this road was located in a relatively remote area of Montana; (3) nearly an hour earlier, fellow Border Patrol Agents Sakahara and Flannery had heard a single vehicle drive past Lick Mountain Road on Highway 92, and turn around; (4) two cars had passed through the town of Yaak at high speed. Taken together, these facts are not sufficient to warrant a finding of reasonable suspicion.

Even assuming Phillips was aware that Sakahara and Flannery had intercepted two individuals attempting to smuggle marijuana into the United States on bicycles, there are no facts to suggest that he was aware of any connection between that smuggling attempt and the defendants' vehicles. Sakahara and Flannery reported to Phillips that they had heard one vehicle; nearly an hour later, Phillips stopped two vehicles. An unidentified informant in Yaak described seeing two vehicles, but did not provide any description, make, or model of the vehicles she witnessed. Further, Phillips did not observe defendants driving in an erratic or evasive manner, and there is no evidence that the defendants were traveling on an area of highway so remote that their presence alone would generate suspicion. Rather, Phillips testified that he would have stopped any car traveling on Highway 92 that night.

Simply put, the decision to stop defendants was not based on any particularized suspicion about defendants. Indeed, the only basis for the stop appears to be that the defendants happened to be in the general area where the agents apprehended two other individuals attempting to smuggle marijuana. The remoteness of the area, the proximity to the border, and the early hour are insufficient to justify the stop. *See United States v. Garcia–Camacho*, 53 F.3d 244, 246 (9th Cir.1995) (noting that reasonable suspicion may not be "based on broad profiles which cast suspi-

cion on entire categories of people without any individualized suspicion of the particular person to be stopped") (quoting *United States v. Rodriguez–Sanchez,* 23 F.3d 1488, 1492 (9th Cir.1994) (internal quotations omitted)).

AFFIRMED.